subjects of the examination may be somewhat objectionable but they could readily be modified so that the plaintiff could proceed with the examination, to which he is evidently entitled, without the necessity of giving a new notice.

BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee by Merger to AMERICAN TRUST COMPANY, under a Certain Mortgage or Deed of Trust Made by SILRAP CONSTRUCTION CO., INC., Bearing Date January 1, 1926, Respondent, v. SILRAP CONSTRUCTION CO., INC., and Others, Defendants, Impleaded with COMMONWEALTH BOND CORPORATION, Individually and as Committee for the Protection of Holders of Bond Certificates under the Mortgage or Deed of Trust by SILRAP CONSTRUCTION CO., INC., to AMERICAN TRUST COMPANY, as Trustee, Dated January 1, 1926, Respondent, and CLINTON M. WOODFORD and Others, as Committee for the Protection of Holders of First Mortgage Six and One-half Per Cent Sinking Fund Loan Certificates Issued under and Pursuant to the Provisions of the Trust Mortgage Dated January 1, 1926, Made by SILRAP CONSTRUCTION CO., INC., to AMERICAN TRUST COMPANY, as Trustee, Appellants.— See opinion of Scudder, J., in *Clinton Trust Co.* v. *142–144 Joralemon Street Corporation* (237 App. Div. 789).

VIRGINIA E. BROWN, Respondent, v. COLONIAL MOTOR COACH CORPORATION and WILLIAM F. DORRINGTON, Defendants, and EASTERN GREYHOUND LINES, INC., OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

JOHN F. CARNEY and CATHERINE MULCAHEY, as Executors, etc., of LUELLA WALTER EISENLOHR, Deceased, Respondents, v. PAUL C. KIENAST, Appellant.— Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder and Davis, JJ.; Carswell, J., not voting.

THE EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent, v. FAIRDEAL HOLDING CORPORATION, Appellant, and Others, Defendants.— Order denying motions to vacate *ex parte* order appointing a receiver reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on the ground that plaintiff failed to comply with the provisions of subdivision 2 of section 150 of the General Corporation Law. It does not appear from the complaint or the motion papers that the plaintiff ever demanded payment of any installment of principal or interest or taxes, or that thirty days had elapsed since any of these items became due, or that the income of the property was specifically mortgaged, or that the property is insufficient to pay the amounts claimed to be due the plaintiff, all of which must appear to entitle the plaintiff to the appointment of a receiver of the rents of the property of a corporate mortgagor. (See *New York Title & Mortgage Co.* v. *Polk Arms, Inc.*, 237 App. Div. 852, decided by this court December 23, 1932.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

EDWARD A. HAMMER, Respondent, v. WILLIAM P. McGARRY COMPANY, Appellant.— The respondent having moved for a dismissal of the appeal on the call of the calendar because of the non-appearance of appellant and failure to file a brief, the appeal is dismissed, with costs. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired